PEOPLE *v.* BUSH

CRIMINAL LAW—EVIDENCE—SUFFICIENCY—WEIGHT GIVEN CONFLICT-
ING TESTIMONY.

> The weight accorded conflicting testimony in a nonjury criminal
> case is the province of the trial court.

Appeal from Recorder's Court of Detroit, Bren-
nan (Vincent J.), J. Submitted Division 1 December
3, 1968, at Detroit. (Docket No. 6,061.) Decided
January 27, 1969. Application for leave to appeal
filed July 1, 1969.

Win Bush was convicted of robbery armed. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Frederick B. Benjamin,* for defendant on appeal.

PER CURIAM. Defendant was convicted by a re-
corder's court judge, sitting without a jury, of rob-
bery armed, CLS 1961, § 750.529 (Stat Ann 1968
Cum Supp § 28.797), and was sentenced to a term
of 7–1/2 to 15 years in prison. On appeal he con-
tends that the evidence did not support a finding

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Criminal Law §§ 1082, 1083, 1087, 1124,

of guilty beyond a reasonable doubt, and that no competent evidence was introduced to prove the felonious intent necessary to support the conviction. The people file a motion to dismiss or affirm.

A review of the application, the motion to dismiss or affirm, and the transcript demonstrates that there is no merit to defendant's contentions. There was sufficient evidence presented, if believed, to support the conviction. The weight accorded conflicting testimony in a nonjury criminal case is in the province of the trial court. *People* v. *Ritzema* (1966), 3 Mich App 637.

Affirmed.

J. H. GILLIS, P. J., and QUINN and LEVIN, JJ., concurred.