PEOPLE *v.* PEABODY

1. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CHARGES.

> A defendant who in a prior case pled guilty of, or was convicted of, a lesser included offense cannot be questioned about the nature of the original charge in that prior case where the questioning is for impeachment purposes.

2. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CHARGES.

> Defendant did not open the door to the prosecutor's inquiring as to the original charge against the defendant in a prior case where defense counsel brought out on direct examination the nature of the *conviction,* which was of a lesser included offense, in that case.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 November 2, 1971 at Grand Rapids. (Docket No. 10390.) Decided November 22, 1971.

Freddie G. Peabody was convicted of sodomy. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses §§ 687, 689.

Before: R. B. Burns, P. J., and Levin and T. M.
Burns, JJ.

Levin, J.   The defendant appeals his conviction
of the offense of sodomy.   MCLA 750.158; MSA
28.355.

The defendant took the stand and denied that he
had committed the offense.   At the conclusion of his
testimony, his lawyer brought out that he had pre-
viously been convicted of drinking and fighting of-
fenses and had pled guilty to "indecent liberties."

The entire cross-examination of the defendant con-
sisted of the following:

*By Mr. Stephan*[*assistant prosecuting attorney*]:
"*Q.* Mr. Peabody, you pled guilty to indecent
liberties in Chicago?
"*A.* That is right.
"*Q.* What was the original charge?
"*Mr. Milanowski* [*defendant's lawyer*]: Objec-
tion, your Honor.
"*The Court:* It is cross-examination, you brought
it out, Mr. Milanowski.
"*Q.* What was the original charge?
"*A.* Uh—
"*Q.* You can't recall?
"*A.* It had something to do what they first said it
was—
"*Q.* Rape?
"*A.* No, I don't think anybody was raped or any-
thing.
"*Q.* Gross indecency?
"*A.* It might have been that.
"*Q.* It might have been gross indecency?
"*A.* Yes.
"*Mr. Stephan:* That's all."

In *People v. Brocato,* 17 Mich App 277, 302–303
(1969), we said:

"a defendant testifying at his own trial may not be asked if he has been arrested or charged with crime, where the arrest or charge has not resulted in a conviction and where the only purpose of the questions is to impeach the defendant's credibility as a witness. Where credibility is the only issue, the probative value of arrests and charges, unsubstantiated by a conviction, is slight at best. When weighed against the great danger that the jury, despite careful instructions, might misapply such evidence, the scales of justice tip in favor of exclusion, *United States* v. *Beno* (CA 2, 1963), 324 F2d 582."

Both the holding and the reasoning of our Court in *Brocato* oblige us to reverse the defendant's conviction. The gross indecency charge was not substantiated by a conviction and, therefore, the people were not entitled to bring out on cross-examination that the defendant had been charged with that offense. Defendants who plead guilty to lesser offenses, as well as those who are convicted after a trial of the originally charged offense or of a lesser offense, are entitled to the protection of the *Brocato* rule. See *People* v. *Farrar,* 36 Mich App 294 (1971).*

The defendant's lawyer did not open the door to the impermissible inquiry concerning the original charge by bringing out on direct examination that the defendant had been convicted of indecent liberties. We have rejected the contention that a defendant is deprived of the effective assistance of counsel when his lawyer brings out his prior record on direct examination. See *People v. Jelks,* 33 Mich App 425, 431 (1971), where we said that, " * * * many defense lawyers believe it better to bring this negative

---

* See, also, *Cachola* v *The Kroger Company,* 32 Mich App 557, *leave den* 385 Mich 775 (1971); *People v James,* 36 Mich App 550 (1971).

information out initially than to let the prosecutor stress it during cross-examination".

To hold that a defendant's lawyer opens the door by adverting to a defendant's prior conviction record during direct examination would confront defendants and their lawyers with an unnecessary dilemma: whether to reveal a prior record on direct examination and thereby open the door to inquiry otherwise impermissible, or to leave it to the prosecutor to bring out the record for the first time on cross-examination. A defendant should not be penalized because his lawyer seeks to soften the unfavorable impact on the jury of his client's conviction record by bringing it out himself rather than standing by so that the prosecutor can belabor it on cross-examination.

Reversed and remanded for a new trial.

All concurred.