PEOPLE v ANDERSON

OPINION OF THE COURT

1. CRIMINAL LAW—CUSTODY—LINEUP—IDENTIFICATION—PHOTOGRAPHS
   —ATTORNEY AND CLIENT.
   The fact of custody, not the place or reason for the custody,
   requires implementation of the rule that there should be no
   photo showing if a corporeal lineup could be held and that the
   right of a person in custody to counsel at a photo showing is
   not diminished where a corporeal lineup could not be held for
   reasons such as: (1) it is not possible to arrange a proper lineup,
   (2) there are insufficient number of persons available with
   defendant's physical characteristics, (3) the nature of the case
   requires *immediate* identification, (4) the witnesses are at a
   place far distant from the location of the in-custody accused, (5)
   the subject refuses to participate in a lineup and by his actions
   would seek to destroy the value of the identification.

2. CRIMINAL LAW—PRETRIAL IDENTIFICATION—PHOTOGRAPHS—ATTOR-
   NEY AND CLIENT—EVIDENTIARY HEARING—REMAND.
   A criminal case should be remanded to the trial court for an
   evidentiary hearing where five of the witnesses who identified
   defendant at trial had previously identified him at photo show-
   ings that were held while he was in custody in connection with
   another offense and he was not represented by counsel at the
   showings.

3. CRIMINAL LAW—SENTENCES—APPEAL AND ERROR—CONSTITUTIONAL
   LAW.
   Trial judge erred in taking into consideration at the time of
   sentencing his personal impression that defendant was protect-
   ing a codefendant; defendant could not properly be punished
   for exercising his right to remain silent at the trial guaranteed

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 240, 263.
[2, 5] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 572.
[4] 21 Am Jur 2d, Criminal Law §§ 582, 587.

by the Fifth Amendment to the United States Constitution (US Const, Am V).

4. CRIMINAL LAW—SENTENCES—JUVENILE RECORD.
   A sentencing judge may consider the juvenile record of a defendant at the time of sentencing.

DISSENTING OPINION

M. S. COLEMAN and J. W. FITZGERALD, JJ.

5. CRIMINAL LAW—ATTORNEY AND CLIENT—PHOTOGRAPHS—IDENTIFICATION—WITNESSES—CONSTITUTIONAL LAW.
   *Case which was in a purely investigative stage falls within rules of United States Supreme Court decisions, that the presence of counsel is not required at events prior to the beginning of adversary criminal proceedings and that the presence of counsel is not required when photographic displays are used for identification purposes, where witnesses were shown photographs while defendant was in jail in another jurisdiction on another charge but had become a suspect in the instant case and five identified defendant; adoption of those rules would promote efficient criminal investigation while preserving the rights of all citizens; no constitutional rights were abridged in this case.*

Appeal from Court of Appeals, Division 1, Levin, P. J., and Bronson and Van Valkenburg, JJ., remanding with instructions Recorder's Court of Detroit, Henry L. Heading, J. Submitted January 11, 1974. (No. 1 January Term 1974, Docket No. 54,307.) Decided April 16, 1974.

42 Mich App 10 affirmed in part and reversed in part.

James L. Anderson was convicted of armed robbery. Defendant appealed to the Court of Appeals. Remanded with instructions. The people appeal. Affirmed in part, reversed in part and remanded to the trial court for an evidentiary hearing.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *John B. Phelps),* for defendant on appeal.

T. G. KAVANAGH, J. The defendant, James Lee Anderson, was convicted of armed robbery. MCLA 750.529; MSA 28.797. Five of the witnesses who identified him at the trial had previously identified him at photo showings. The showings were held while Anderson was in custody in connection with another offense and, it would appear, under suspicion of having committed this offense. He was not represented by counsel at the showings.

The Court of Appeals remanded for an evidentiary hearing to determine whether the investigation had focused on Anderson and whether the showings were impermissibly suggestive and, if so, whether the identifications had an independent source. The Court of Appeals also required, in the event such remand hearing did not result in a new trial, that Anderson be resentenced before another judge because the trial judge had indicated he had taken into consideration at sentencing his belief that Anderson had protected a codefendant resulting in the codefendant's acquittal.

The prosecutor appeals on leave granted claiming that Anderson did not have a right to counsel at the photo showings because they took place before a formal complaint had been filed and an arrest warrant issued on the armed robbery charge, citing the decision of the United States Supreme Court in *Kirby v Illinois,* 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972).

The prosecutor also contends, relying on the still more recent decision in *United States v Ash,* 413 US 300; 93 S Ct 2568; 37 L Ed 2d 619 (1973), that the Sixth Amendment right to counsel does not apply to photo showings.

In *People v [Franklin] Anderson,* 389 Mich 155; 205 NW2d 461 (1973), this Court held that there should be no photo showing if a corporeal lineup could be held. We said that a photo showing of a person in custody in the situation where a corporeal lineup could not be held for the reasons suggested on pp 186–187, did not diminish the right to counsel at such photo showing. The people argue in the instant case that the rule of *Franklin Anderson* should not apply, because the defendant was in custody for a different crime in a different place. We are not persuaded. It is the fact of custody that requires implementation of the *Franklin Anderson* rule, not the place of or reason for the custody.

In *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), this Court considered the *Kirby* and *Ash* decisions of the United States Supreme Court and held, independent of any Federal constitutional right to counsel, that there is such a right to counsel except in exigent circumstances where there is need to conduct the showing before the accused can be informed of his right to counsel and has an opportunity to obtain counsel.

For the reasons set forth in *People v [Franklin] Anderson, supra,* pp 168–169, 186–187, and *People v Jackson, supra,* this case is remanded to the trial court for an evidentiary hearing.

If James Lee Anderson does not obtain a new trial following the hearing on remand he should be resentenced before another judge as the trial judge did err in taking into consideration at the

time of sentencing his personal impression that
Anderson was protecting a codefendant. Anderson
could not properly be punished for exercising his
right to remain silent at the trial guaranteed by
the Fifth Amendment to the United States Consti-
tution. We regard the judge's consideration of his
belief that Anderson was shielding a codefendant
as the equivalent of the error found in *Scott v
United States*, 135 US App DC 377; 419 F2d 264
(1969), wherein the United States Court of Appeals
for the District of Columbia Circuit rejected the
argument that a judge may impose additional
punishment because he believes the defendant
committed perjury, saying that if the government
wishes to prosecute for the independent substan-
tive offense of perjury it may do so and that in
such a proceeding the defendant would be entitled
to all the protections of a criminal trial. Similarly,
see *People v White*, 130 Ill App 2d 775; 267 NE2d
129 (1971).

Since the decision herein by the Court of Ap-
peals, we have held that a sentencing judge may
consider the juvenile record of a defendant at the
time of sentencing. See *People v McFarlin*, 389
Mich 557; 208 NW2d 504 (1973).

Remanded for further proceedings consistent
with this opinion.

T. M. KAVANAGH, C. J., and SWAINSON and WIL-
LIAMS, JJ., concurred with T. G. KAVANAGH, J.

M. S. COLEMAN, J. *(dissenting)*. While in jail for
an armed robbery in Southfield, defendant became
a suspect in the instant case which concerns an
armed robbery in Detroit. The case was in a
purely investigative stage. No judicial proceedings
had begun.

On February 12, 1970, the witnesses to the

Detroit robbery were shown 50 photographs. They did not identify any and it is not known whether or not defendant's photo was among them. The next day, 17 more photographs were shown to the witnesses. Five identified the defendant. One eyewitness not present at the photo showing identified defendant independently at trial. Defendant also admitted guilt at his sentencing hearing, so there is no doubt of his guilt, only of the process.

The Court has remanded this case for an evidentiary hearing. As authority, *People v [Franklin] Anderson,* 389 Mich 155; 205 NW2d 461 (1973) and *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974) are cited. In my dissent to the *Jackson* decision, I noted that the "United States Supreme Court has afforded strong and recent precedent which we ignore." We have again done so.

The precedent to which I referred is *Kirby v Illinois* 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972) and *United States v Ash,* 413 US 300; 93 S Ct 2568; 37 L Ed 2d 619 (1973). In *Kirby,* the Court said the presence of counsel is not required at events prior to the beginning of adversary criminal proceedings. In *Ash,* the Court said the presence of counsel is not required when photographic displays are used for identification purposes.

As did *Jackson,* the instant case falls within the *Kirby* and *Ash* rules. It remains my belief that "adoption of those rules would promote efficient criminal investigation while preserving the rights of all citizens". As in *Jackson,* I do not believe the Court's decision as effectively serves those ends.

As a matter of policy, the majority opinion is untenable in its general application. The effect of the finding is to mandate that before the judicial process begins and while a crime is under investigation, the whereabouts of each possible suspect

must be ascertained prior to a photo showing in which his or her picture is used. If any are incarcerated anywhere for any other offense, knowledge of such would appear to be conclusively presumed. An incarcerated suspect would have to be returned to the jurisdiction and site of the crime and an attorney made available for any photo showing in which his (or her) picture might appear.

As in many cases, such a showing may contain photos of several incarcerated suspects. The opinion would appear to require attorneys for all. The criteria for the necessity of an attorney are too unrealistic in my opinion. The police often—perhaps most frequently—focus upon a series or a group of suspects until adequate proofs are gathered to support an information. In order to be on firm ground, under the recent case law of this Court, they would have to make counsel available to each possible suspect in any jail for any other offense.

I do not see any constitutional rights abridged in this case. I do see a policy which, if possible to comply with at all in many cases, at best is impractical and which further impedes the investigative process by inserting new requirements at who knows what additional cost in time and money. All this for doubtful, if any, benefit to the not-yet-accused person.

As the will of the majority prevails, it is recommended that the Court's opinion be prospective in its application.


J. W. FITZGERALD, J., concurred with M. S. COLEMAN, J.


LEVIN, J., did not sit in this case.