PEOPLE v TOWNS

1. APPEAL AND ERROR—CRIMINAL LAW—WEIGHT OF EVIDENCE—NEW TRIAL—MOTIONS.

    A defendant may not raise on appeal the issue that his conviction was against the great weight of the evidence where he has not filed a motion for a new trial with the trial court.

2. ROBBERY—ARMED ROBBERY—EVIDENCE.

    Evidence was sufficient to support a conviction for armed robbery where the complaining witness testified that the defendant and another man took a watch, some change, and a wallet from his presence at gunpoint.

3. CRIMINAL LAW—SENTENCING—POLYGRAPH TESTS.

    A defendant's case should be remanded for resentencing by a different judge where the sentencing judge induced the defendant to take a polygraph test and the test indicated that the defendant's statements of innocence were deceptive; the judge's statement that he relied on trial evidence only when sentencing does not cure the error.

4. CRIMINAL LAW—POLYGRAPH TESTS—TRIAL—SENTENCING.

    Polygraph test results cannot be used at trial or for post-trial review; they are similarly prohibited at sentencing if solicited to verify quilt.

5. CRIMINAL LAW—SENTENCING—MAINTAINING INNOCENCE.

    A defendant may not be penalized by a sentencing judge for maintaining his innocence.

Appeal from Recorder's Court of Detroit, Samuel

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 786, 883.

[2] 67 Am Jur 2d, Robbery §§ 52, 58.

Admissibility of evidence as to extrajudicial or pretrial identification of accused, 71 ALR2d 449.

[3, 4] 29 Am Jur 2d, Evidence §§ 296, 551, 831; 75 Am Jur 2d, Trial §§ 110, 208, 266.

[5] 29 Am Jur 2d, Evidence §§ 12, 148, 278.

H. Olsen, J. Submitted May 10, 1976, at Detroit. (Docket No. 23770.) Decided June 15, 1976.

Johnnie W. Towns was convicted of armed robbery. Defendant appeals. Affirmed but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

Before: R. M. MAHER, P. J., and M. J. KELLEY and D. C. RILEY, JJ.

D. C. RILEY, J. Defendant was charged with assault with intent to murder, MCLA 750.83; MSA 28.278, and armed robbery, MCLA 750.529; MSA 28.797. After waiving a jury trial, he was convicted of the latter offense and was sentenced to 3-1/2 to 30 years in prison. We affirm his conviction but remand for resentencing by a different judge.

Defendant argues that his conviction was against the great weight of the evidence. However, defendant has not filed a motion for a new trial, and therefore may not raise this issue on appeal. *People v Mattison,* 26 Mich App 453, 459; 182 NW2d 604 (1970).

Defendant also claims that there was legally insufficient evidence to convict. Defendant's allegation of error is without merit. The complaining witness testified that defendant and another man took a watch, some change and a wallet from his presence at gunpoint. This is sufficient evidence to

support the conviction. The trial judge, as finder of fact, was satisfied that the defendant had committed the armed robbery and we will not substitute our opinion for his own. See, *e.g., People v Bush,* 15 Mich App 503, 504; 166 NW2d 604 (1969).

However, while the conviction may stand, we remand for resentencing before a different circuit judge for the reason that we believe the sentencing judge may have been improperly influenced by the results of the defendant's polygraph test. After judgment, the judge informed defendant and his attorney that he would consider the results of a polygraph test in sentencing, for he had "never once * * * been proven wrong by a polygraph test". Admittedly, the court did not mandate the test and in fact told the defendant that refusal to take the test would not affect the sentence the court would impose. Defense counsel then promptly informed the court that his client would submit to the test and the judge again noted that he would consider the results in sentencing. Defendant took the test and his statements of innocence of the charges were deemed deceptive. However, the trial court stated that in imposing sentence he considered only the testimony and evidence received in the case.

We believe that *People v Allen,* 49 Mich App 148; 211 NW2d 533 (1973), and *People v Dockery,* 65 Mich App 600; 237 NW2d 575 (1975), not only prohibit a judge from inducing a defendant to take a polygraph test, but nullify any judicial disclaimers of being influenced by the test.

*Allen* states:

"[I]t was clearly improper, as the trial judge * * * recognized, to ask the defendant if he were willing to take a polygraph." 49 Mich App at 152.

*Dockery* states:

"[T]he defendant was asked if he would take a polygraph examination. Faced with an adverse result otherwise, [the court's assumption of guilt on another offense] the defendant stated he would take the test. This did not constitute a voluntary consent." 65 Mich App at 605–606.

The above excerpts stand for the proposition that a trial court cannot induce a defendant to take a polygraph test with hints of favorable consideration at sentencing. While the present judge informed defendant that no adverse inferences would be drawn were defendant to refuse the test, it was apparent that the judge believed in the relevancy and reliability of the tests. His statements must be considered an improper inducement to take the examination. Following the rule of *Allen* and *Dockery,* we hold that a trial judge should not broach the subject of polygraph examinations nor induce defendant to take the examination for sentencing purposes.

The sentencing judge's statement that he only relied on trial evidence in sentencing does not cure the error. While the trial judge's integrity is unquestioned, the danger of his being influenced is too grave to ignore. We again refer to *Allen, supra:*

"While there is nothing in the record to clearly indicate that the defendant's sentence was based on the trial judge's belief in Elmore's polygraph results, we cannot help but wonder what effect the judge's knowledge of the test results had on defendant's sentence." 49 Mich App at 152.

Moreover, we believe that the court's interest in polygraph information may have been impermissible under another doctrine. There simply was no

relevance, for sentencing purposes, to defendant's answers to questions concerning his guilt. If the judge expressed interest in defendant's veracity because of doubts of defendant's guilt, the court should not have found him guilty; polygraph results cannot be used at trial and should therefore not be used for post-trial review. *Allen, supra,* 49 Mich App at 150–151. See *People v Reagan,* 395 Mich 306, 313; 235 NW2d 581 (1975) (dicta condemning "dispositional use of polygraph test results"). If the judge was instead only interested in securing an admission of guilt for sentencing purposes, he was again in error. *People v Grable,* 57 Mich App 184, 188–189; 225 NW2d 724 (1974), condemns tactics that are designed to penalize defendant's assertions of innocence at sentencing.

Accordingly, we remand for resentencing before a second Recorder's Court judge, ordering that this second judge be presented a presentence report bereft of all polygraph information.