PEOPLE v CAGE

Docket No. 30213. Submitted October 13, 1977, at Detroit.—Decided May 23, 1978.

Gary Cage was convicted of armed robbery, Recorder's Court of Detroit, James Del Rio, J. Defendant appeals, contending that the trial court erred in allowing the prosecution to introduce evidence of his prior conviction for attempted use of a stolen credit card to impeach him when he took the witness stand. Defendant also contends that the verdict was against the great weight of the evidence. *Held:*

1. The offense of attempted use of a credit card is a "high" misdemeanor and as such may be used for impeachment purposes.

2. A defendant must move the trial court for a new trial in order to preserve for appeal the claim that the verdict was against the great weight of the evidence.

Affirmed.

N. J. KAUFMAN, J., dissented and would hold that the defendant's conviction should be reversed because of the prosecution's use of the defendant's prior misdemeanor conviction to impeach the defendant.

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—IMPEACHMENT—PRIOR CONVICTIONS—MISDEMEANORS—ATTEMPTED USE OF STOLEN CREDIT CARD.

Impeachment of a criminal defendant, who takes the witness stand, by means of a prior conviction of attempting to use a stolen credit card, which is a misdemeanor punishable by a prison term of not more than two years, is not improper because the term "misdemeanor" in the rule which prohibits the use of prior misdemeanor convictions for impeachment purposes is a synonym for violations of municipal ordinances; impeachment should be permissible by use of prior convictions based on a crime punishable by imprisonment in the state

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 81 Am Jur 2d, Witnesses §§ 569, 571, 581, 582.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

prison, regardless of whether it is dubbed "felony" or "misdemeanor".

2. APPEAL AND ERROR—CRIMINAL LAW—WEIGHT OF EVIDENCE—NEW
   TRIAL—MOTIONS.
   A defendant may not raise on appeal the issue that his conviction
   was against the great weight of the evidence where he has not
   filed a motion for a new trial with the trial court.

DISSENT BY N. J. KAUFMAN, J.

3. CRIMINAL LAW—EVIDENCE—IMPEACHMENT—PRIOR CONVICTIONS—
   MISDEMEANORS—ATTEMPTED USE OF STOLEN CREDIT CARD.
   *It is improper to use a criminal defendant's prior misdemeanor
   convictions to impeach the defendant's credibility if he chooses
   to take the witness stand; therefore, it was improper for a trial
   court to allow the prosecution to impeach a defendant by
   introducing evidence of the defendant's prior conviction for
   attempted use of a stolen credit card because that offense is a
   misdemeanor, not a felony.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Craig L. John,* Assistant Prosecuting Attorney, for the people.

*Solomon & Stern,* for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and N. J. KAUFMAN and J. E. McDONALD,* JJ.

PER CURIAM. Defendant, charged with armed robbery (MCL 750.529; MSA 28.797), was tried and found guilty by a jury. Following sentence, defendant appeals on grounds that the trial court erred in allowing use of prior convictions for impeachment purposes, claiming that one of the prior convictions was for a misdemeanor. Defendant also

---

* Circuit judge, sitting on the Court of Appeals by assignment

appeals on the ground that the verdict of the jury was against the great weight of the evidence.

The specific prior conviction in question was that of attempting to use a stolen credit card, punishable by a prison term of not more than 2 years under MCL 750.92; MSA 28.287, as a circuit court, or "high" misdemeanor.

In *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), the Supreme Court, in reviewing the question of impeachment by prior convictions, said:

"The original legislative purpose behind these statutes is obvious. They were passed to allow persons, historically disqualified at common law from testifying in a case, to testify. A compromise, however, was worked out whereby these disqualified persons could still have their credibility attacked by those prior convictions *which formerly had disqualified them from testifying.*

"Not all crimes at common law disqualified a witness. Only *infamous* crimes disqualified a witness, and our statutes were originally intended only to allow impeachment by use of that type of criminal conviction.

\* \* \*

"Our Legislature saw fit to pass these statutes and to confer upon the accused a right he previously did not have at common law, that of testifying on his own behalf. The Legislature also saw fit to limit this right, permitting the defendant's credibility to be attacked in the discretion of the trial court by these prior disqualifying convictions. These statutes were passed to give rights to an accused defendant, not to take rights away from him. Allowing the use of municipal ordinance convictions for impeachment purposes does just that—it takes away rights the accused formerly had at common law.

"We do not hesitate in this case to prohibit the further use of municipal ordinance or misdemeanor convictions used by the prosecution *solely for impeachment purposes.*" 392 Mich 53, 55.

A careful reading of *Renno, supra,* reveals that the word "felony" is not used or defined in the opinion and that the only time the word "misdemeanor" is used in the entire opinion is in the above quotation. We have no hesitancy in assuming that as used in *Renno, supra,* "misdemeanor" is meant to be a synonym for violations of municipal ordinances and nothing more.

We find this interpretation to be further buttressed by this language in *People v McMillan,* 68 Mich App 113, 123; 242 NW2d 518 (1976).

"We do not think that, in Michigan, the term 'infamous crime' can necessarily be equated with the term 'felony'. In *Attorney General v Montgomery,* 275 Mich 504, 513; 267 NW 550 (1936), our Supreme Court defined an infamous crime as follows:

" 'Whether a crime is infamous or not is not determined by the nature of the offense (2 Bouvier's Law Dictionary [Rawle's 3d Rev] p 1553, 1554), but by the consequences to the individuals by the punishment prescribed for such offense. *Butler v Wentworth,* 84 Me 25 (24 ATL 456, 17 L.R.A. 764). Crimes subject to infamous punishments are infamous crimes, *and the term "infamous crime" means any crime punishable by imprisonment in the state prison.'* (Citations omitted, emphasis supplied.)

"It would then appear that under *Montgomery, supra,* impeachment should be permissible by use of prior convictions based on a crime punishable by imprisonment in the state prison, regardless of whether it is dubbed 'felony' or 'misdemeanor'."

And further at 124–125:

"The Legislature has broken misdemeanors into two categories, some punishable by imprisonment in the *state* prison (see *e.g.* MCLA 750.414; MSA 28.646) and some punishable by a maximum of 90 days in the *county* jail, MCLA 750.504; MSA 28.772. We think that

it would both be more logical and more in spirit with the holding of *Montgomery supra,* if the rule of *Renno* was limited to those crimes carrying a maximum of 90 days in the county jail." (Emphasis in original.)

Had the Supreme Court intended to include high misdemeanors or crimes with sentences greater than one year, it certainly could have, but declined to do so, for leave to appeal *McMillan*[1] was denied. 399 Mich 825 (1977).

The decision by the trial court in the instant case, to permit impeachment by means of the conviction of attempting to use a stolen credit card, was not error. *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), *People v McMillan,* 68 Mich App 113; 242 NW2d 518 (1976), *lv den,* 399 Mich 825 (1977).

Defendant's claim that the verdict was against the great weight of the evidence is not properly before this Court as defendant has not moved for a new trial as is required to preserve the issue for review. *People v Mattison,* 26 Mich App 453, 459; 182 NW2d 604 (1970), *People v Towns,* 69 Mich App 475, 476; 245 NW2d 97 (1976).

Affirmed.

N. J. Kaufman, J. *(dissenting).* I must respectfully dissent.

The conviction which prompts my disagreement with the majority opinion is attempted use of a stolen credit card. Use of a stolen credit card is prohibited by MCL 750.157q; MSA 28.354(16), providing as follows:

"Any person who delivers, circulates or sells a credit

---

[1] Supporting the above interpretation of *Renno,* MRE 609 continues the avoidance of the felony-misdemeanor morass. *See* Robinson, James K., and John W. Reed, *A Review of the Proposed Michigan Rules of Evidence,* 56 Michigan State Bar Journal 21, 30 (January, 1977).

card which was obtained or is held by such person under circumstances which would constitute an offense under sections 157n or 157p, or uses or permits or causes or procures the same to be used, delivered, circulated or sold, knowing the same to be obtained or held under circumstances which would constitute an offense under sections 157n or 157p, shall be guilty of a felony."

Since MCL 750.157q; MSA 28.354(16) does not contain a penalty provision, reference must be had to MCL 750.503; MSA 28.771, wherein it is provided:

"A person convicted of a crime declared in this or any other act of the state of Michigan, to be a felony, for which no other punishment is specially prescribed by any statute in force at the time of the conviction and sentence, shall be punished by imprisonment in the state prison for not more than 4 years or by a fine of not more than 2,000 dollars, or by both such fine and imprisonment."

Therefore, a violation of MCL 750.157q; MSA 28.354 (16) is punishable by a term of imprisonment of not more than four years; and, under MCL 750.92; MSA 28.287, the crime of attempted use of a stolen credit card is thus a misdemeanor.[1]

In this case, defense counsel objected on two occasions, both prior to defendant taking the stand, to the prosecutor's suggestion that attempted use of a stolen credit card constituted a felony. The trial court agreed with the prosecutor.

---

[1] In pertinent part, MCL 750.92; MSA 28.287 states:

"3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, or imprisonment in the county jail or by fine, the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory not more than 2 years or in any county jail not more than 1 year or by a fine not to exceed 1,000 dollars; but in no case shall the imprisonment exceed 1/2 of the greatest punishment which might have been inflicted if the offense so attempted had been committed."

I would hold that the trial court erred in determining that attempted use of a stolen credit card was a felony. Accordingly, I would hold that under *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), use of that misdemeanor conviction for impeachment purposes is forbidden.[2]

I do not believe that this Court can validly distinguish between so-called types of misdemeanors. The Supreme Court clearly stated "misdemeanor convictions". Had the Supreme Court wanted to exclude high misdemeanors or crimes with sentences greater than one year, it certainly could have done so, as was done in MRE 609(a)(1).[3]

I would reverse defendant's conviction and remand for a new trial.

[2] I acknowledge that it was defense counsel who elicited evidence of the misdemeanor conviction. However, I agree with the resolution that *People v Peabody,* 37 Mich App 87, 89–90; 194 NW2d 532 (1971), adopted to meet this situation:

"To hold that a defendant's lawyer opens the door by adverting to a defendant's prior conviction record during direct examination would confront defendants and their lawyers with an unnecessary dilemma: whether to reveal a prior record on direct examination and thereby open the door to inquiry otherwise impermissible, or to leave it to the prosecutor to bring out the record for the first time on cross-examination. *A defendant should not be penalized because his lawyer seeks to soften the unfavorable impact on the jury of his client's conviction record by bringing it out himself rather than standing by so that the prosecutor can belabor it on cross-examination."* (Emphasis supplied.)

[3] I further note that with the adoption of MRE 609, the felony-misdemeanor distinction is unimportant because "the crime involved theft, dishonesty, or false statement, regardless of the punishment". MRE 609(a)(1). Nevertheless, were defendant to get a new trial, the trial court would still have to determine "that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect". MRE 609(a)(2).

SMITH v HIGHLAND PARK BOARD OF EDUCATION

Docket No. 31395. Submitted April 21, 1978, at Detroit.—Decided
    May 23, 1978.

1. A party who accepts a benefit under a nonbinding arbitra-
    tion award accepts the award *in toto* and is estopped from
    denying its validity and binding effect.

    2. A nonbinding arbitration award which exceeds the arbitra-
    tor's authority is a nullity as to that part which so exceeds the
    authority and may properly be severed from that portion of the
    award which is valid.

    3. A party to a nonbinding arbitration award who has ac-

REFERENCES. FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 183.
[2, 3] 5 Am Jur 2d, Arbitration and Award §§ 136, 167, 168.
[3] 5 Am Jur 2d, Arbitration and Award §§ 137, 150.

cepted the award is not estopped from denying that portion of
the award which exceeds the arbitrator's authority.

Remanded for further proceedings.

1. ARBITRATION AND AWARD—ESTOPPEL—VALIDITY OF AWARD.

A party to a nonbinding arbitration award who has profited by
accepting a benefit of that award is estopped from denying the
award in its entirety; that part which is unfavorable cannot be
disclaimed.

2. ARBITRATION AND AWARD—ESTOPPEL—VALIDITY OF AWARD—SCOPE
   OF AWARD—AUTHORITY OF ARBITRATOR.

A party who accepts a nonbinding arbitration award outside the
scope of the agreement to arbitrate is not estopped from deny-
ing that portion of the award which exceeded the arbitrator's
authority.

3. ARBITRATION AND AWARD—SCOPE OF AWARD—AUTHORITY OF ARBI-
   TRATION—VALIDITY OF AWARD—SEVERANCE OF AWARD.

An arbitration award which exceeds the arbitrator's authority is
not totally invalid but is a nullity only to the extent it exceeds
that authority; it is proper to sever that portion which is a
nullity from the remainder of the award.

*Evan Karabetsos,* for plaintiff.

*Hall & Andary, P. C.,* for defendant.

Before: D. F. WALSH, P. J., and D. E. HOLBROOK
and R. M. MAHER, JJ.

PER CURIAM. Plaintiff Laura Smith appeals from
an order of the Wayne County Circuit Court af-
firming the decision of the Court of Common Pleas
which granted defendant Highland Park Board of
Education's motion for summary judgment.