## HOTELEN *v.* HABERLEN.

1. CIRCUIT COURT COMMISSIONERS—JURISDICTION—RECORD.
   The record of the circuit court commissioner in a summary proceeding may not be impeached by matters *dehors* the record, known to defendant and which should have been pleaded by him where record shows jurisdiction upon its face.

2. FORCIBLE ENTRY AND DETAINER—UNLAWFUL EVICTION—SUMMARY PROCEEDING.
   Claim of unlawful eviction by tenant in action for damages is barred by defendants' judgment of restitution in summary proceeding before circuit court commissioner from which no appeal was taken.

3. JUDGMENT—RES JUDICATA—LANDLORD AND TENANT.
   Judgment of restitution by circuit court commissioner in summary proceedings against tenant under oral lease was *res judicata* of all questions necessarily involved even though not put in issue, including matters of whether title of plaintiffs had been extinguished and of their right to possession.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 10, 1933. (Docket No. 129, Calendar No. 37,293.) Decided December 5, 1933.

Action by Walter Hotelen against Gottlob Haberlen and another for damages for eviction from premises held under an oral lease. Motion to dismiss denied. Defendants appeal. Reversed, and motion to dismiss ordered granted.

*Andrew J. Sawyer* and *Jacob F. Fahrner,* for plaintiff.

*Stivers & Hooper (Frank B. DeVine,* of counsel), for defendants.

WIEST, J. This is an appeal in the nature of mandamus.

Defendants owned a farm and wanted to sell it. February 13, 1933, by verbal agreement, they let the farm to plaintiff to work on shares and he entered into possession. February 27, 1933, defendants sold and conveyed the farm to John Hartman without any reservation of plaintiff's leasehold rights. March 2, 1933, defendants commenced a summary proceeding before a circuit court commissioner to dispossess plaintiff herein and have restitution of the premises. Summons was issued and served. Plaintiff herein appeared in person and by attorney and pleaded not guilty and gave notice of an oral contract to work the farm on shares. Trial was had and plaintiff herein adjudged guilty of "unlawfully holding possession of the premises," and that defendants herein have restitution thereof. No appeal was taken and, March 16, 1933, writ of restitution issued and was executed. March 14,

1933, plaintiff brought this action to recover damages for eviction, claimed the summary proceeding was void because plaintiffs therein had sold and conveyed the farm and, therefore, were not entitled to possession and not the real parties in interest. Defendants moved to dismiss because the adjudication of the circuit court commissioner, from which no appeal was taken, determined the rights of the parties. The court denied the motion and defendants are here by appeal.

Upon the hearing of the motion to dismiss, the proceedings before the circuit court commissioner were introduced and, upon the face thereof, the commissioner had jurisdiction and the proceedings were regular. If defendants herein were not the real parties in interest in the proceedings before the commissioner then defendant therein should have there raised the point. The record discloses that no such point was made upon the trial before the commissioner, neither was it claimed that defendants herein had sold and conveyed the farm and, therefore, were not entitled to possession. Such matters, if meritorious, should have been presented in the summary proceeding and not withheld for subsequent attack upon the jurisdiction of the commissioner. The record of the commissioner, upon its face, shows jurisdiction and may not be impeached by matters *dehors* the record and known to defendant therein and which he should have pleaded in that proceeding.

That plaintiff could and should have put in issue in the summary proceeding against him defendants' extinguishment of title and right to possession is settled law. *McGuffie* v. *Carter,* 42 Mich. 497. The right of defendants here, plaintiffs in the summary

proceeding, necessarily involved their then right of possession and the adjudication there on that point bars the claim of unlawful eviction upon which the suit at bar is planted. *Samaha* v. *Hamper Estate Co.*, 247 Mich. 210.

The case is remanded to the circuit court with direction to grant the motion to dismiss. Defendants will recover costs of this court.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.