PEOPLE v DUDLEY

CRIMINAL LAW—NONJURY TRIAL—IMPARTIAL JUDGE.

A judge does not pass the required test of impartiality when sitting as trier of the facts in a criminal trial when he had five days previously accepted a guilty plea of defendant to another charge, had occasion to study a pre-sentence report regarding the defendant and sentenced defendant on that other charge, because he thereby possessed information prior to trial of the nature that should not be possessed by a trier of the facts, juror or judge.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 May 5, 1972, at Detroit. (Docket No. 10818.) Decided November 28, 1972.

Darek J. Dudley was convicted of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant was found guilty of

_____

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 235.

unarmed robbery (MCLA 750.530; MSA 28.798) by a judge in Detroit Recorder's Court sitting without a jury. Defendant raises several issues on appeal which we need not consider in view of our disposition of the case. The record reveals that five days before defendant's trial on the instant charge, defendant's guilty plea to another charge was accepted and he was sentenced to a term in prison by the same judge who convicted and sentenced defendant on this charge. At that time the court had occasion to study a presentence report regarding the defendant. We believe that the judge's recent study of the presentence report brings this case within the holding of *People v Frazier Walker,* 24 Mich App 360, 362 (1970) *(aff'd* 385 Mich 596 [1971]), wherein this Court stated:

"We are satisfied that had a jury *voir dire* examination disclosed that any prospective jurror [sic] possessed the information that the trial judge possessed prior to trial, that juror would have been excused by the trial judge for cause. Similarly, we challenge the trial judge for cause as trier of the fact and excuse her. A judge, the same as a juror, does not pass the required test of impartiality once possessed of the type of information this record discloses that the trial judge possessed prior to trial."

Reversed and remanded.