PEOPLE v GRABLE

1. TRIAL—NONJURY TRIAL—TRIER OF FACT—IMPARTIALITY OF JUDGE.

A trial judge when hearing a nonjury case may not go outside the record and can assume no greater prerogatives than if a jury were impaneled to determine the facts; the impartiality of a trial judge is automatically suspect where he could have been challenged for cause as a juror.

2. CRIMINAL LAW—JUDGES—NONJURY TRIAL—IMPARTIALITY OF JUDGE —PREJUDICE.

A trial judge, who had served as county prosecutor when that office charged the defendant with other offenses and who refused to accept the defendant's guilty plea to the present charge, may preside over the defendant's nonjury trial where the judge did not have a predisposition towards the defendant's guilt; the defendant's conviction will not be reversed where he has failed to show any instances at trial in which the judge's actions or words were prejudicial and a review of the record reveals no partiality or prejudice.

3. WITNESSES—CREDIBILITY—TRIER OF FACT.

The credibility of witnesses is for the trier of fact.

4. CRIMINAL LAW—SENTENCING—INCREASED SENTENCE—CLAIMED INNOCENCE—RESENTENCING.

A defendant has the right to maintain his innocence after conviction and no additional penalty may be imposed for continuing to proclaim one's innocence; therefore, a defendant shall be resentenced by a different judge where it appears that the trial judge may have enhanced the defendant's sentence because the defendant refused to admit his guilt.

## Appeal from Eaton, Willard L. Mikesell, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 76 Am Jur 2d, Trial § 1238 *et seq.*
[3] 58 Am Jur, Witnesses § 862.
[4] 21 Am Jur 2d, Criminal Law §§ 570–572.
Power of court to change sentence after commitment or payment of fine. 168 ALR 706.

mitted Division 3 October 14, 1974, at Lansing. (Docket No. 18278.) Decided December 5, 1974.

Val D. Grable was convicted of assaulting a police officer and resisting arrest. Defendant appeals. Affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David L. Smith,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, *Aloysius J. Lynch,* Special Assistant Attorney General, of counsel), for the people.

*Francis L. Zebot,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

BEBEAU, J. In a nonjury trial, defendant was convicted of assaulting a police officer, MCLA 750.479a; MSA 28.747(1), and resisting arrest, MCLA 750.479; MSA 28.747.

Defendant had been drinking in a bar. He had "women trouble" and made some "nasty remarks". He was asked to leave and the police were called. Deputy Woods was sent. Deputy Woods and defendant had an altercation outside of the bar.

On April 17, 1973 defendant decided to plead guilty to the two-count information. The plea proceeding was conducted by Judge Willard L. Mikesell. The plea was rejected when defendant in his factual recital stated that Deputy Woods struck the first blow.

In the pretrial conference that followed, defendant waived jury trial and expressed a desire that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Judge Mikesell hear his case. At trial Judge Mikesell did preside.

> "*The Court:* And it is your desire to waive your right to a jury trial in this matter?
> "*Mr. Grable:* Yes, sir.
> "*The Court:* And waive a jury trial and have the case tried just before me?
> "*Mr. Grable:* Yes, sir.
> "*The Court:* This is what you want?
> "*Mr. Grable:* Yes, sir."

On appeal defendant alleges prejudicial error at trial and in sentencing.

Defendant contends it was reversible error for the same judge who heard defendant's attempted guilty plea to subsequently preside over defendant's bench trial because, as trier of facts, the judge was necessarily aware of facts outside the record and because defendant's privilege against self-incrimination was necessarily infringed.

The second question presented adopts much the same argument. Is it reversible error for the trial judge to sit as trier of facts when a few years before, as county prosecutor, his office charged and convicted defendant of a prior offense?

In each situation the trial judge had prior knowledge, the attempted guilty plea and the previous offense. Defendant claims this is knowledge a juror would not have. A trial judge may not go outside the record in hearing a case. He can assume no greater prerogatives than if a jury were impaneled to determine the facts. *People v Ramsey,* 385 Mich 221; 187 NW2d 887 (1971). His impartiality is automatically suspect. As a juror he could have been challenged for cause. *People v Frazier Walker,* 24 Mich App 360; 180 NW2d 193 (1970); *aff'd* 385 Mich 596; 189 NW2d 41 (1971).

For these reasons, defendant petitions this Court for reversal.

We will be the first to agree that if prejudice is demonstrated, reversal is in order. A review of cases will illustrate this point. In *People v Ramsey, supra,* cited by defendant, the trial court referred to the transcript of the preliminary examination. In *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), reversal was on the ground that the judge had a predisposition of guilt. In the case before us, it is obvious that he did not. In *People v Dudley,* 44 Mich App 9; 204 NW2d 743 (1972), the judge had an occasion to study a presentence report regarding the defendant. In *People v Frazier Walker, supra,* the judge referred to an unsuccessful lie detector test.

These are strong indications, if not proof, of partiality or prejudice.

Nothing in this case approaches such magnitude. Defendant fails to assert or point out any specific trial instances where the judge's actions or words were prejudicial to defendant's cause. There is no showing of partiality or prejudice either by defendant or upon our review of the record. The reverse of predisposition of guilt was indicated by the court's refusal to accept an attempted guilty plea. What the judge heard at the attempted guilty plea indicated insufficient information to accept a guilty plea.

We affirm defendant's conviction.

Defendant contends it was reversible error for the trial judge to misinterpret material testimony and based thereon to attempt to force defendant to admit guilt before sentencing, and to impose a harsh sentence based upon defendant's refusal to depart from his story.

Defendant argues that the court should have

believed that Deputy Woods was the aggressor. We find the court did not misinterpret material testimony. He simply did not believe the defendant, but did believe Deputy Woods. This is his prerogative. Credibility is for the trier of facts and his finding of guilt is supported by the record. We do not disturb that finding. *People v Matthews,* 53 Mich App 232, 242–243; 218 NW2d 838, 843 (1974).

At sentencing the following colloquy was recorded:

*"The Court:* After three, four witnesses get on the stand and say that you not only struck but also kicked Deputy Woods, before he ever touched you, you're telling me that those just weren't the events?

*"Mr. Swarthout [defense attorney]:* Your Honor, I might mention at this point all the—

*"The Court:* I don't want any more mentioning out of you. I'm talking with Mr. Grable now. I want to listen to Mr. Grable and see how good his memory is today. Now, do you believe that every one of those witnesses was lying or are you just rationalizing these events again?

*"Mr. Grable:* No, sir.

*"The Court:* You believe the witnesses were lying?

*"Mr. Grable:* At the time that the witnesses saw what they saw, I go along with what they said, but initially in the beginning it was as I testified on the stand. In my mind I fully comprehend that I understand that.

*"The Court:* Very well, the first problem in rehabilitation is to find a man that will at least be honest with himself and society. If I can't establish that, then, I don't have much hope on rehabilitation or probation.

"I sentence you to the maximum of two years, minimum of one year, Department of Corrections on each charge. Correction. That's a minimum of 13 months. Those sentences are to run concurrent. You will receive credit of two days on each sentence."

However, we believe that an accused has the right to maintain his innocence after conviction.

No additional penalty is to be imposed for continuing to proclaim one's innocence.

In this case, the court attempted to get him to change his story from one of innocence to one of guilt. He would not. The court made a reference to probation but concluded that the defendant was not honest with himself and then imposed sentence.

The plain inference is that if defendant will be honest with himself (admit the crime) rehabilitation through probation could be a possibility. But, since defendant refused, the sentence may have been enhanced.

It appears the court based the sentence upon the defendant's refusal to admit guilt found by the court. There is some merit in the advice of the court to the defendant, but the obvious rejection may have enhanced the sentence imposed.

The conviction is affirmed, but the case is remanded to the trial court for resentencing by a different judge.

All concurred.