PEOPLE v AGUILAR

Docket No. 50490. Submitted October 7, 1980, at Grand Rapids.—
    Decided April 9, 1981.

    Gerardo Aguilar and Perfecto Aguilar were jointly tried on two
        counts of assault with a deadly weapon and were represented
        by the same counsel. Perfecto was acquitted; Gerardo was
        convicted, Kent Circuit Court, George R. Cook, J. Gerardo
        appealed, and the Court of Appeals affirmed his conviction on
        Count I and reversed on Count II. Thereafter, Gerardo moved
        in the trial court for leave to file a delayed motion for a new
        trial, which motion was denied. He then sought leave to appeal
        to the Court of Appeals, which leave was denied. Subsequently,
        he sought leave to appeal to the Supreme Court which, in lieu
        of granting leave, remanded the case to the Court of Appeals
        for consideration as on leave granted. 408 Mich 858 (1980).
        Held:
        1. The record reveals that Gerardo Aguilar was not denied a
        fair trial because he was tried jointly with a codefendant.
        2. The record reveals that Gerardo Aguilar was not denied
        effective assistance of counsel because both he and his codefen-
        dant were represented by the same counsel.
        Affirmed.

1. CRIMINAL LAW — SEPARATE TRIALS — CODEFENDANTS.
    A criminal defendant is entitled to a trial separate from a
        codefendant where his defenses and those of his codefendant
        are antagonistic.

2. CRIMINAL LAW — TRIAL — CODEFENDANTS — JOINT REPRESENTA-
        TION — APPEAL.
    Criminal codefendants may be represented by the same counsel

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 21.
    Antagonistic defenses as gounds for separate trials of codefendants
        in criminal case. 82 ALR3d 245.
[2] 21 Am Jur 2d, Criminal Law §§ 318, 319.
    Circumstances giving rise to conflict of interest between or among
        criminal codefendants precluding representation by same counsel.
        34 ALR3d 470.

in the same trial consistent with the constitutional guarantee to effective assistance of counsel, and on appeal a court, in determining whether such representation was effective, should consider the nature of the charge, the evidence presented in support of the charge, and the defenses interposed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Alejandro C. Palacios,* for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and D. F. WALSH, JJ.

D. F. WALSH, J. Appellant, Gerardo Aguilar, and his brother, Perfecto Aguilar, were jointly charged and jointly tried on two counts of assault with a deadly weapon. MCL 750.82; MSA 28.277. Both were represented by the same counsel. Gerardo was convicted on both counts; Perfecto was acquitted. Gerardo appealed, and we reversed on Count II but affirmed on Count I. Motion was then filed in the trial court for leave to file a delayed motion for a new trial. That motion was denied. Application for leave to appeal was filed in this Court and denied. Application for leave to appeal was filed in the Supreme Court, and the Supreme Court, in lieu of granting leave, remanded the case to us for consideration as on leave granted.

Appellant's first argument is that requiring him to be tried jointly with his brother denied him a fair trial. A defendant is entitled to a trial separate from a codefendant where it appears that the codefendant will testify to exculpate himself and incriminate the defendant. *People v Hurst,* 396 Mich 1, 4; 238 NW2d 6 (1976). Where the defenses of codefendants are antagonistic to one another,

separate trials should be granted. 2 Wharton's Criminal Procedure, § 304, pp 164-165. The evil to be avoided is allowing the prosecutor to pit one defendant against the other. In this case, however, the defenses of both defendants were consistent with one another. Their position was that neither brother struck either of the complainants and that no weapons were used at any time. Codefendant Perfecto testified consistently with this position, and his entire testimony was exculpatory both with reference to himself and appellant Gerardo. Perfecto made no attempt to incriminate his brother for the purpose of exonerating himself. We find no merit in this issue.

Appellant's next issue, however, is more troublesome. He argues that joint representation denied him the effective assistance of counsel to which he is constitutionally entitled. Const 1963, art 1, § 20. Joint representation of codefendants is more likely to be prejudicial to one of the defendants than joint trial of codefendants, each represented by separate counsel. Even if the defenses of codefendants are consistent and their own testimony exculpatory of one another, the cross-examination of prosecution witnesses frequently presents opportunities to defense counsel to elicit statements or admissions which tend to favor one defendant at the expense of the other. The same kinds of opportunities are frequently presented to defense counsel in determining the strategy to be used in his argument to the jury. He must attempt to persuade the jury as to the inferences which should be drawn from the evidence introduced by both sides. Often a number of competing inferences are possible. One plausible inference may favor one defendant while another plausible inference from the same evidence may favor the other defendant.

The inference that exculpates one may incriminate the other. When both defendants are represented by the same counsel, therefore, opportunities for effective cross-examination and/or effective argument to the jury may be either lost entirely, resulting in ineffective representation for both defendants, or used for the advantage of one defendant with the result that the other is represented ineffectively.

However, joint representation of codefendants does not always result in ineffective assistance of counsel. The nature of the charge brought by the prosecution, the nature of the evidence in support of the charge, and the nature of the defenses interposed by the codefendants may make it possible for one counsel to render constitutionally effective representation to more than one defendant in the same trial.[1] Our responsibility is to determine

---

[1] In *People v Gardner*, 406 Mich 369; 279 NW2d 785 (1979), the Supreme Court indicated that it would promulgate by rule a procedure under which the rights of defendants to the effective assistance of counsel in a joint representation situation will be better protected. The proposed rule reads as follows:

"Rule 785. Criminal Procedure.

".1-.3 [Unchanged.]

".4 Advice on the Assistance of Counsel; Appointment; Joint Representation.

"(1)-(3) [Unchanged.]

"(4) Whenever two or more defendants who have been jointly charged or whose cases have been consolidated are represented by the same lawyer, the court shall inquire into any potential conflict which might jeopardize the right of each defendant to the fidelity of his lawyer. The same lawyer may not represent two or more defendants unless

"(a) the lawyer proposing to represent two or more defendants states, on the record before trial, that joint representation will in all probability not cause a conflict of interest and states reasons for his conclusion; and

"(b) the defendants state, on the record, after the court's inquiry and the lawyer's statement, that it is their desire to proceed with the same lawyer.

"If an unanticipated conflict occurs during trial, a lawyer who is representing two or more defendants shall immediately inform the court; if the court agrees that a conflict has arisen, it shall appoint an

whether such was the case in the trial of Perfecto and Gerardo Aguilar. We conclude that it was and affirm.

In this case both of the Aguilar brothers were charged with using billy clubs to assault Jesse Fernandez and Natividad Monsalvo, two customers in Perfecto Aguilar's restaurant. The police who were called to the scene testified that Monsalvo was cut above his left eye and had red marks an inch to an inch and a half wide and three inches long on his arm and that Fernandez had two similar welts on his arm. It was not disputed that an altercation occurred between the Aguilars and the complainants.

The theory of the defense was that Monsalvo suffered his injuries when he fell against a table near the front door and that neither of the Aguilar brothers assaulted either of the complainants with clubs or weapons of any description. In the face of persuasive prosecution evidence to the contrary, defense counsel's strategy was to emphasize inconsistencies in the testimony of the prosecution witnesses and argue from these inconsistencies that the jury could not find beyond a reasonable doubt that either brother was guilty of the charge.

We have carefully reviewed the entire record. We are not persuaded that the appellant was denied his right to a fair trial or to the effective assistance of counsel.

Affirmed.

additional lawyer or lawyers or afford one or more of the defendants the opportunity to retain separate counsel, as the case may require.

".5-.13 [Unchanged.]"