PEOPLE v McLEOD

Docket No. 52934. Submitted April 16, 1981, at Detroit.—Decided July 8, 1981.

Kyle L. McLeod was convicted in Detroit Recorder's Court of assault with intent to commit criminal sexual conduct involving penetration and was sentenced to three years probation, with the first six months to be spent in Detroit House of Corrections, Leonard Townsend, J. Less than a year later, McLeod was charged in Detroit Recorder's Court with third-degree criminal sexual conduct. Defendant waived his right to a trial by jury and did not move to disqualify the judge assigned to hear his case even though he knew that it was the same judge who had convicted him earlier. Defendant was convicted following the bench trial. Defendant appeals, contending that the trial judge was under a duty *sua sponte* to disqualify himself and that the failure to do so deprived defendant of a trial before an impartial factfinder. *Held:*

The trial judge was not obligated to raise the issue of disqualification on his own where the defendant was aware that the same judge that had previously convicted him would be involved in the present proceeding. Further, there is no evidence that any information about the defendant which the trial judge might have acquired from the previous case was involved in the trial judge's determination of guilt in the present case. Under these circumstances, the defendant's failure to move for disqualification waived the issue.

Affirmed.

CRIMINAL LAW — JUDGES — DISQUALIFICATION OF JUDGES.

A defendant in a criminal prosecution, as a general rule, must move to disqualify the trial judge or the issue is waived unless the potential grounds for disqualification are known to the trial judge but not the defendant or the grounds for disqualification are that the trial judge has knowledge of some fact or circumstance directly relating to the defendant's guilt on the charged offense.

REFERENCE FOR POINTS IN HEADNOTE
[1] 46 Am Jur 2d, Judges §§ 96, 224.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney Trainee, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

R. M. MAHER, P.J. Defendant was convicted, at a bench trial, of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). He was sentenced to a prison term of from 5 to 15 years and appeals by right.

Less than a year before the trial in the instant case, defendant was tried and convicted by the same judge of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1); MSA 28.788(7)(1), and was sentenced to three years probation with the first six months to be served in the Detroit House of Corrections. Despite the fact that he was obviously aware that the same judge was involved, defendant waived a trial by jury and did not move to disqualify the trial judge. See GCR 1963, 912. He now argues that the trial judge was under a duty *sua sponte* to disqualify himself and that the failure to do so deprived him of a trial before an impartial fact-finder.

Defendant relies on *People v Frazier Walker,* 385 Mich 596; 189 NW2d 41 (1971), which adopted this Court's opinion in the same matter, 24 Mich App 360; 180 NW2d 193 (1970). In *Frazier Walker,* the trial judge, during pretrial proceedings, revealed that she was aware of the fact that the

defendant had taken and failed a polygraph test. The defendant subsequently waived a jury trial and was convicted. The defendant's conviction was reversed on the basis that a judge, sitting as trier of fact, must meet the same standard of impartiality as a juror. Since a juror who possessed knowledge of a polygraph examination could be challenged for cause, the Court held that the trial judge should have disqualified herself. Although it was obvious that the defendant knew of the trial judge's awareness of the polygraph test, the Court did not consider the issue waived for failure to move for disqualification. Two justices, however, dissented on this basis. *Frazier Walker, supra,* 597-598.

Since the decision in *Frazier Walker,* the Supreme Court has apparently pulled back from its decision in that case, perhaps indicating that it should be limited to its facts. In *People v Dudley,* 44 Mich App 9; 204 NW2d 743 (1972), defendant was convicted at a bench trial by the same judge who had just previously accepted the defendant's guilty plea in another case. This Court reversed, on the basis of *Frazier Walker,* because in sentencing the defendant on the prior conviction the trial judge had studied a presentence report. As in *Frazier Walker,* the defendant had knowledge of this fact but failed to move for the trial judge's disqualification. On defendant's further appeal, the Supreme Court reversed and reinstated defendant's conviction, holding as follows:

"Under the circumstance that the presentence report in the earlier case does not appear to have contained any evidence or information bearing on defendant-appellee's guilt or innocence, reversal is not warranted, the defendant-appellee having failed to move to disqualify the judge pursuant to GCR 1963, 405 [now GCR

1963, 912], although the alleged basis of disqualification was known before the trial." *People v Dudley,* 393 Mich 762 (1974).

Similarly, in *People v Dixson,* 403 Mich 106; 267 NW2d 423 (1978), the Supreme Court considered the issue waived for failure to move for disqualification. In *Dixson,* the defendant had moved to quash the information on the basis that the magistrate had erred in binding the case over for trial. The trial judge read the preliminary examination transcript in order to decide the motion, which was ultimately denied. Although the defendant was aware of the fact that the trial judge had read the examination transcript, she waived a jury trial and did not move to disqualify the trial judge. Although the Court considered the issue waived, it also indicated that it did "not wish to be understood as saying that the waiver resulting from failure to move to disqualify is absolute". *Dixson, supra,* 109. The Court suggested a case where the trial judge had previously granted a motion to suppress tangible evidence or a confession as an example where the trial judge might have a duty *sua sponte* to raise the issue even in the absence of a motion to disqualify.

In *People v Gibson (On Remand),* 90 Mich App 792, 795-798; 282 NW2d 483 (1979), *lv den* 408 Mich 868 (1980), this Court also recognized that there are circumstances in which the trial court must raise the issue of disqualification on its own. In *Gibson,* the defendant and a codefendant were each charged with armed robbery. Because the codefendant's confession implicated the defendant, separate trials were held. Each defendant waived a jury trial, however, and both trials were conducted by the same judge. Defendant's codefendant was tried first and convicted. In its findings of fact,

however, the trial judge stated: "There is no question in the Court's mind that this was done by Mr. Peete [the codefendant] and Mr. Gibson [the defendant], his companion * * *". Defendant was then convicted at his bench trial. Although the defendant did not move to disqualify the judge, this Court considered the issue preserved for appeal as it was not apparent that the alleged basis for disqualification, the findings of fact in the codefendant's trial, were known to defendant or his attorney prior to the defendant's trial. Accordingly, this Court held that the trial judge had a duty to raise the matter himself. Defendant's conviction was reversed on the basis that the trial judge's findings in the codefendant's trial amounted to an impermissible prejudgment of the defendant's own case.

Harmonizing the above-analyzed decisions is not something that can be done with any degree of certainty. It does appear, however, that several general principles may be adduced. Generally, a defendant must move to disqualify or the issue is waived *(Dixson, Dudley)*. The issue is not waived, however, if the potential grounds for disqualification are known to the trial judge but not the defendant *(Gibson)*. In addition, the issue is not waived if the grounds for disqualification are that the trial judge is aware of a polygraph examination *(Frazier Walker)* or some similar basis which gives the trial judge knowledge of some fact or circumstance directly relating to defendant's guilt on the charged offense *(Dixson—*suppression of evidence example, *Gibson—*findings of fact in codefendant's case).

Applying these principles to the instant case leads us to the conclusion that reversal is not required. Defendant did not move for disqualification despite the fact that he was aware that the

same judge had accepted his plea of guilty and passed sentence in a previous case. Additionally, the information about the defendant which the trial judge might have acquired from the previous case has not been shown to in any way involve the question of the defendant's guilt or innocence in the instant case. Accordingly, the trial judge was not obligated to raise the issue of disqualification on his own and the defendant's failure to move for disqualification waived the issue.

Affirmed.