## PEOPLE v LONDON WILLIAMS

Docket No. 49841. Submitted January 5, 1982, at Lansing.—Decided June 22, 1982.

London M. Williams was convicted of armed robbery, carrying a concealed weapon, and felony-firearm, Saginaw Circuit Court, Gary R. McDonald, J. The defendant appeals alleging that: (1) he was denied the right to effective assistance of counsel due to a conflict of interest arising from his attorney's representation of the defendant's brother, a codefendant; (2) certain rebuttal testimony of a police officer was improper; (3) the prosecuting attorney improperly commented on the defendant's exercise of his right to remain silent; (4) the trial judge's instructions to the jury were improper because they required the jury to acquit the defendant of the greater charges before the jury could consider lesser included offenses; (5) the Legislature did not intend to allow a person to be convicted of both carrying a concealed weapon and felony-firearm where the charges are based on possession of the same weapon; and (6) the trial judge improperly based the defendant's sentence on the defendant's refusal to admit guilt. *Held:*

1. The defendant's claim that his trial counsel's assistance was generally ineffective is without merit. The defendant has not shown any adverse effect on his attorney's performance because the attorney represented a codefendant who also claimed the least culpable role in the commission of the crime.

2. The rebuttal testimony of the officer was improper because the question was irrelevant and the witness was not qualified to answer it. However, the trial judge's curative instruction protected the defendant from prejudice.

3. The prosecutor did not improperly comment on the defendant's exercise of his right to remain silent. The prosecutor commented on the defendant's inconsistent statements.

4. The trial judge's *instructions to the jury did not require*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 984.

[2, 3] 21A Am Jur 2d, Criminal Law §§ 754-757, 980.

[4] 75 Am Jur 2d, Trial § 882.

[5] 79 Am Jur 2d, Weapons and Firearms § 9.

the jury to acquit the defendant of the greater charges before they could consider lesser included charges. The judge's instructions were proper.

5. A defendant may be convicted of both carrying a concealed weapon and felony-firearm where the conviction for carrying a concealed weapon is based on the act of carrying pistols in his car.

6. The trial judge did not base the defendant's sentence on the defendant's refusal to admit his guilt. The judge's comments should be viewed in light of the defendant's guilty pleas to earlier offenses.

Affirmed. Remanded for resentencing on the armed robbery conviction.

1. CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL.

A defendant who raised no objection at the trial court level must demonstrate that an actual conflict of interest adversely affected his lawyer's performance in order to establish that he was denied the right to effective assistance of counsel due to his counsel's conflict of interest (US Const, Am VI).

2. ATTORNEY AND CLIENT — CONFLICT OF INTEREST — CRIMINAL LAW.

A conflict of interest may arise where codefendants represented by the same counsel each claim the least culpable role in the commission of a crime; where one of the codefendants alleges an actual conflict of interest, it is incumbent upon that defendant to make a testimonial record at the trial court level supporting his claim of an actual conflict.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A convicted person who attacks the adequacy of the representation he received at his trial where he and a codefendant both claim the least culpable role in the commission of the crime should show an adverse effect on his lawyer's performance, not on his lawyer's beliefs.

4. JURY — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

Instructions to a jury that require the jury to acquit a defendant of greater charges before it considers lesser charges are improper because the instructions may block adequate consideration of lesser included offenses by the jury; it is error to condition the right to consideration of lesser included offenses upon acquittal of the principal offense.

5. CRIMINAL LAW — FELONY-FIREARM — CARRYING A CONCEALED WEAPON.

A defendant may be convicted of both carrying a concealed

weapon and felony-firearm where the conviction for carrying a concealed weapon is based on the act of carrying pistols in his car.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

BRONSON, J. After a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, carrying a concealed weapon, MCL 750.227; MSA 28.424, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He appeals by right.

Defendant claims that he was denied the right to effective assistance of counsel due to a conflict of interest arising from his attorney's representation of defendant's brother, a codefendant. Because defendant's trial commenced on October 10, 1979, GCR 1963, 785.4(4) does not apply.

In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v Sullivan,* 446 US 335, 348; 100 S Ct 1708; 64 L Ed 2d 333 (1980). Although the Michigan Supreme Court has not articulated the same test for assistance of counsel under Const 1963, art 1, § 20, we believe this was the test implicitly applied in *People v Gardner,* 406 Mich 369; 279 NW2d 785 (1979), *People v Bentley,* 402

Mich 121; 261 NW2d 716 (1978). See also *People v Aguilar,* 105 Mich App 258, 260-262; 306 NW2d 472 (1981).

We agree with defendant's claim that a conflict of interest arises when codefendants, represented by the same counsel, each claim the least culpable role in the commission of a crime. Defendant's brother claimed that he was the driver of the getaway car and not the gunman in offering his guilty plea five months before defendant came to trial. At his own trial defendant claimed that he was the driver. Nothing in the record indicates when defendant told his attorney he would also claim to have been the driver and not the gunman. It is incumbent upon defendant to make a testimonial record at the trial court level supporting his claim of an actual conflict. See *People v Ginther,* 390 Mich 436, 442-444; 212 NW2d 922 (1973).

Defendant also has not shown any adverse effect on his lawyer's performance. The claim that his counsel's pretrial investigation was inadequate is not sufficiently specific and lacks support in the record. See *People v Ginther, supra.* We do not agree that counsel's representation of defendant's brother at the taking of his guilty plea showed that he was "committed" to the belief that the brother was the driver and defendant the gunman. Defendant must, in any case, show an adverse effect on his lawyer's performance, not on his lawyer's beliefs. Defense counsel did not have to choose between defendant's claim of least culpability and the same claim by his brother; both claims were presented with counsel's assistance. Defense counsel was not precluded from calling defendant's brother as a witness. There is no support in the record for a claim that the brother would have testified in support of defendant's claim. Even if he had, he would have been impeached with the

statement he made in support of his plea. Finally, the failure of defense counsel to address the court at the sentencing may have been the result of a tactical decision. In any event, it has not been shown to have been the result of a conflict of interest.

Defendant's claim that his trial counsel's assistance was generally ineffective is without merit as is his claim that his confession to police, subsequently introduced at the trial, was involuntary.

We agree with defendant's claim that the rebuttal testimony of Detective Juras was improper. The subject of the question was irrelevant and the witness was not qualified to answer it. Nonetheless, we find that the trial judge's curative instruction protected defendant from prejudice.

The prosecutor did not improperly comment on the defendant's exercise of his right to remain silent. He commented on defendant's inconsistent statements. See *People v Karam,* 106 Mich App 383, 390; 308 NW2d 220 (1981). Defendant's other claims of improper argument also lack merit.

We do not find that the judge's instructions required the jury to acquit defendant of greater charges before it considered lesser charges. Such instructions are improper because they may block adequate jury consideration of lesser included offenses. *People v Mays,* 407 Mich 619; 288 NW2d 207 (1980). It is error to condition the right to consideration of lesser included offenses upon acquittal of the principal offense charged. *People v West,* 408 Mich 332, 342; 291 NW2d 48 (1980). The instruction given by the trial judge in this case did not depart substantially from that suggested in *People v Mays, supra,* 623, fn 1, and was not error.

Defendant next claims that the Legislature did not intend to allow a person to be convicted of

both carrying a concealed weapon and felony-firearm where the charges are based on possession of the same weapon.

In *People v Carter,* 96 Mich App 694; 293 NW2d 681 (1980), this Court held that separate convictions for carrying a concealed weapon and felony-firearm, based on possession of one firearm, could not be sustained because the Legislature had not clearly authorized multiple punishments. *Carter, supra,* 705. In its holding, the Court relied on the Supreme Court's opinion in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 399-402; 280 NW2d 793 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979). The Supreme Court, in that case, analyzed a line of cases barring prosecutions based on one factual occurrence on double jeopardy grounds.

In *People v Cook,* 236 Mich 333; 210 NW 296 (1926), the defendant was convicted of possessing liquor and transporting liquor, both convictions being based on the same act, transporting one load of liquor to one place. In *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), and *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), defendants were convicted of both delivering and possessing heroin. In both cases, possession of the heroin was that which was necessary to effect its delivery. In each case, one charge was factually included within the other. All facts required to prove the lesser charge were required to prove the greater.

The facts supporting the CCW charge in *Carter, supra,* were the same as those required to prove felony-firearm. The *Cook-Martin-Stewart* rule cannot be applied in the present case, because defendant was convicted of carrying a concealed weapon

based on the act of carrying pistols in his car. The requirement of proof of this element precludes the application of the *Cook-Martin-Stewart* rule.

Although the Legislature explicitly prohibited a felony-firearm conviction based on carrying a concealed weapon, this does not mean there cannot be convictions of both where another felony is the basis for the felony-firearm conviction and the two convictions are not based on a single factual occurrence as that term is used in *Wayne County Prosecutor, supra.*[1]

We do not agree with defendant's contention that, in sentencing, the trial judge based his sentence on defendant's refusal to admit guilt. The judge's comment on defendant's claim that he had never been guilty of any offense must be viewed in light of defendant's guilty pleas to earlier offenses. The comments of the trial judge in this case are not similar to those condemned in *People v Yennior,* 399 Mich 892; 282 NW2d 920 (1977), *People v Grable,* 57 Mich App 184; 225 NW2d 724 (1974), and *People v Bottany,* 43 Mich App 375, 382; 204 NW2d 230 (1972). See also *People v Stubbs,* 99 Mich App 643; 298 NW2d 612 (1980).

We remand *sua sponte* for resentencing on the armed robbery charge because the trial judge apparently intended to sentence defendant to a parolable life term (*i.e.,* life imprisonment as it had been interpreted prior to the adoption of Proposal B, now, MCL 791.233; MSA 28.2303). See this Court's decisions in *People v Penn,* 102 Mich App

[1] Plaintiff relies on this Court's decision in *People v Shelton,* 93 Mich App 782; 286 NW2d 922 (1979). Although the defendant in *Shelton* was convicted of both carrying a concealed weapon and felony-firearm, he did not claim that those two convictions placed him in double jeopardy. He was also convicted of felonious assault and challenged, on double jeopardy grounds, his convictions of (1) felonious assault and felony-firearm, and (2) felonious assault and carrying a concealed weapon.

731; 302 NW2d 298 (1981), and *People v Anderson,* 112 Mich App 640; 317 NW2d 205 (1981).

Defendant's convictions are affirmed. The case is remanded for resentencing on the armed robbery conviction.