PEOPLE v CAMPBELL

PEOPLE v JOHNSON

Docket Nos. 56040, 58848. Submitted June 2, 1982, at Detroit.—Decided November 17, 1982.

Robert M. Campbell and Donald J. Johnson were jointly tried and convicted before a Detroit Recorder's Court jury of two counts of felonious assault and two counts of felony-firearm and were sentenced, George W. Crockett, III, J. Defendants filed separate appeals, which have been consolidated. *Held:*

1. The trial court abused its discretion in denying defendants' motions for separate trials. Defendants presented antagonistic defenses which were irreconcilable. The trial court's denial of defendant's motions simply on the basis that the motions were not brought at least four days prior to the date set for trial resulted in error and requires reversal of defendants' convictions.

2. A requested instruction on intoxication as a defense to the charges of felonious assault should have been given.

3. There was no error in refusing defendant Campbell's request for instructions on the lesser offenses of discharge of a firearm intentionally aimed without malice and reckless discharge of a firearm.

4. The trial court did not err in refusing to allow defendant Campbell's character witnesses to testify whether they would believe defendant under oath.

Reversed and remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 82. 75 Am Jur 2d, Trial § 17.

Appealability of state court order granting or denying consolidation, severance, or separate trials. 77 ALR3d 1082.

[2] 75 Am Jur 2d, Trial § 21.

Antagonistic defenses as ground for separate trials of codefendants in criminal case. 82 ALR3d 245.

[3] 75 Am Jur 2d, Trial § 10.

[4] 6 Am Jur 2d, Assault and Battery §§ 13, 15.

[5] 75 Am Jur 2d, Trial §§ 876, 888.

[6] 29 Am Jur 2d, Evidence § 345.

1. APPEAL — MOTIONS AND ORDERS — SEPARATE TRIALS.
    A trial court's decision on a motion for separate trials is reviewed on appeal for an abuse of discretion.

2. CRIMINAL LAW — MULTIPLE DEFENDANTS — SEPARATE TRIALS.
    Separate trials are necessary where the defenses of several defendants are antagonistic to each other.

3. CRIMINAL LAW — MOTIONS AND ORDERS — SEPARATE TRIALS — SUPPORTING AFFIDAVITS.
    An affidavit defining the inconsistencies between the defenses of multiple defendants is not required to support a motion for separate trials where the moving party makes an offer of proof which would allow the court to make an informed decision.

4. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT.
    Felonious assault requires either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery.

5. CRIMINAL LAW — LESSER INCLUDED OFFENSES — JURY INSTRUCTIONS.
    A court, in any case wherein the charged offense is punishable by incarceration for more than two years, may not instruct the jury on lesser included offenses for which the maximum allowable period of incarceration is one year or less.

6. EVIDENCE — CHARACTER EVIDENCE — OPINIONS — RULES OF EVIDENCE.
    Evidence on opinions as to whether witnesses would believe the defendant under oath is inadmissible (MRE 405).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce Bartee* and *Jeffrey Caminsky,* Assistants Prosecuting Attorney, for the people.

State Appellate Defender (by *Nora J. Pasman),* for Robert M. Campbell.

*Michael J. Brady,* for Donald J. Johnson.

Before: Bronson, P.J., and R. M. Maher and M. Warshawsky,* JJ.

M. Warshawsky, J. Defendant Robert Merril Campbell and defendant Donald James Johnson were each charged with two counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and two counts of felony-firearm, MCL 750.227b; MSA 28.424(2). They were jointly tried and convicted before a Detroit Recorder's Court jury of two counts of felonious assault, MCL 750.82; MSA 28.277, and two counts of felony-firearm. Both were sentenced to imprisonment for two to four years for the felonious assault convictions and two years for the felony-firearm convictions. The defendants' appeals of right were consolidated.

Defendants' convictions stem from an incident occurring in Detroit on December 28, 1979. The two complainants testified at trial that gunshots were fired at the car they occupied after an encounter with the defendants in another car. There was some evidence tending to show that the two defendants were intoxicated. Based on the way defendants were behaving and driving, one complainant said he believed defendants were intoxicated. The other complainant also testified that defendants' behavior led her to believe defendants were intoxicated. Two police officers testified that they could smell alcohol on defendants and that both defendants' eyes were glassy.

Each defendant argues that the trial court abused its discretion in denying their motions for separate trials. On the date scheduled for trial, defense counsel for each defendant moved for sepa-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rate trials. They informed the court that they had just discovered that antagonistic defenses had been prepared. Each told the court that both defendants would testify and accuse the other of firing the gun.

Relying on Recorder's Court Rule 18, the trial court denied the motions as untimely. The rule provides that any defense or objection capable of resolution without trial of the general issue may be raised before trial. Failure to present the defense or objection at least four days prior to a hearing on it constitutes a waiver, but for good cause shown the trial court may grant relief from the waiver.

On appeal, a trial judge's decision on a motion for separate trials is reviewed for an abuse of discretion. *People v Harris,* 110 Mich App 636, 649; 313 NW2d 354 (1981); MCL 768.5; MSA 28.1028. Separate trials are necessary where the defenses of several defendants are antagonistic to each other. *People v Hurst,* 396 Mich 1, 6; 238 NW2d 6; 82 ALR3d 235 (1976), *reh den* 396 Mich 976 (1976); *People v Aguilar,* 105 Mich App 258, 259-260; 306 NW2d 472 (1981); *Harris, supra,* p 649.

The trial court abused its discretion in denying defendants' motions for separate trials simply. upon determining that defendants' motions were not brought at least four days prior to the date set for trial. We appreciate the frustration presented by the trial day motions, but can only conclude that separate trials should have been granted. Defense counsel informed the trial court that each defendant would accuse the other and this is in fact what happened. Defendant Campbell testified that defendant Johnson fired the shots. Defendant Johnson testified that he heard gunshots, asked

Campbell what he was doing and then saw Campbell's hand go underneath the dashboard.

Whatever the merit of the people's claim that the defenses must be more than antagonistic, that they must be irreconcilable, citing *United States v Mota,* 598 F2d 995, *reh den* 606 F2d 321 (CA 5, 1979), *reh den sub nom Flores v United States,* 444 US 1084; 100 S Ct 1042; 62 L Ed 2d 770 (1980), we are convinced that the defenses in the present case were irreconcilable. In addition, we note that an affidavit is not essential where, as here, the moving parties make an offer of proof so that the court may make an informed decision. See *People v McGilmer,* 96 Mich App 433, 439; 292 NW2d 700 (1980).

Although we reverse defendants' convictions on their first claim of error alone, we address some remaining questions which are likely to arise on retrial.

A request for an instruction on intoxication as a defense to the charge of felonious assault should have been granted. Felonious assault requires either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery. *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979). The requested instruction on intoxication should have been given. *People v Wilson,* 113 Mich App 591; 318 NW2d 479 (1981); *People v McMaster,* 105 Mich App 162; 306 NW2d 434 (1981), *lv den* 411 Mich 988 (1981).

There was no error in refusing defendant Campbell's request for instructions on the lesser offenses of discharge of a firearm intentionally aimed without malice, MCL 750.234; MSA 28.431, and reckless discharge of a firearm, MCL 752.a863; MSA 28.436(24). *People v Chamblis,* 395 Mich 408, 429;

236 NW2d 473 (1975), *reh den* 396 Mich 976 (1976). Since both lesser offenses are punishable by less than one year imprisonment and assault with intent to do bodily harm less than murder, the charged offense, is punishable by more than two years incarceration, the lesser offenses fall within the prohibition of *Chamblis.*

Lastly, the trial court did not err in refusing to allow defendant Campbell's character witnesses who sought to testify whether they would believe defendant under oath. *People v McWilson,* 104 Mich App 550, 557-558; 305 NW2d 536 (1981), *lv den* 412 Mich 865 (1981); MRE 405.

Reversed and remanded.