*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL ALAN LATIMER,

Defendant-Appellant.

UNPUBLISHED
March 21, 2019

No. 336692
Oakland Circuit Court
LC No. 2015-256955-FC

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I concur with the majority's reasoning and conclusions regarding the sufficiency of the evidence and the scoring of Offense Variable 7. I further agree with much of the applicable law the majority recites. Finally, I agree with the majority's recitation of the trial court's statements at sentencing. However, I disagree with the majority's conclusion that the trial court properly imposed a departure sentence. I believe that the trial court provided an inadequate explanation of how defendant's sentence was proportionate, and the trial court's statements suggest an unacceptably disturbing likelihood that its sentence was based on defendant's exercise of his right to a jury trial and refusal to admit guilt. Therefore, I respectfully dissent from the majority's affirmance of that sentence.

Defendant and the victim agreed that the victim attacked defendant preemptively, whereupon defendant stabbed the victim numerous times with a screwdriver, causing the victim severe injuries. The only meaningful factual dispute about the assault itself was whether defendant first issued a threat to the victim, or whether the victim attacked defendant without warning. Defendant's entire theory of the case was that he was acting in self-defense, did not intend to kill the victim, and only stabbed the victim because he was afraid the victim would harm him. In other words, defendant sought to challenge whether he had the requisite *mens rea*, rather than seriously disputing his *actus reus*. At sentencing, defense counsel explained that the "primary reason why he went to trial" was that the prosecution refused any plea that did not

entail admitting to an intent to commit murder, so he "would have had to go to trial to show that he did not want to kill [the victim] or plead to assault with intent to murder."[1] Defendant reiterated that he had no intention of murdering the victim and that the acts of violence he committed were to get away from the victim. As the majority observes, defendant was charged with assault with intent to commit murder. MCL 750.83. The jury convicted defendant of the lesser offense of assault with intent to do great bodily harm less than murder. MCL 750.84. Thus, although the jury did not accept defendant's self-defense claim, the jury *did* accept defendant's purpose for going to trial: that he lacked the intent to kill.

I agree with the majority that the trial court was within its rights to engage in judicial fact-finding and consider acquitted conduct in crafting an appropriate sentence. Likewise, I agree that the trial court may consider characteristics it believes to be inadequately accounted for by the guidelines, such as unscored criminal history or defendant's conduct in custody. Reciprocally, I infer no dispute by the majority that "[a] court cannot base its sentence even in part on a defendant's refusal to admit guilt." *People v Yennior*, 399 Mich 892, 892; 282 NW2d 920 (1977); see also *People v Grable*, 57 Mich App 184, 188-189; 225 NW2d 724 (1974). Likewise, I believe we are in agreement that "[a] sentencing court cannot base its sentence on a defendant's decision to exercise his constitutional right to a jury trial." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). As the majority notes, a trial court does not err by merely commenting on a defendant's lack of remorse. *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995); *People v Wesley*, 428 Mich 708; 411 NW2d 159 (1987).

However, *remorse* necessarily implies regret for something. It is thus logically impossible to feel remorse for something one did not do. Consequently, where a defendant maintains his innocence, I can imagine no rational way to hold a lack of remorse against that defendant without implicitly also punishing that defendant for maintaining innocence. Here, defendant never seriously contended that he did not engage in any assaultive behavior. He merely maintained his basis for having believed he had no choice but to trial: that he did not intend to kill the victim and was primarily trying to get away. The trial court took this as "shifting blame" and claiming to be the true victim. However, defendant did no more than maintain his theory of the case. The trial court additionally relied on the victim's statements castigating defendant for refusing to plead guilty. Notwithstanding its disclaimer, the trial court's commentary strongly indicates that the trial court punished defendant for insisting on a trial and maintaining that he had no intent to kill—which the jury clearly accepted. As a consequence, the trial court's sentence must be vacated, because it was premised on impermissible considerations.[2]

This is especially concerning because the trial court failed to articulate how the extent of its departure from the sentencing guidelines range was proportionate. Defendant's guidelines

---

[1] I therefore respectfully disagree with the majority that the issue at trial was primarily whether defendant was "guilty of any assaultive crime."

[2] At a minimum, I am concerned that the trial court's statements undermine "the appearance of justice." See *Offutt v US*, 348 US 11, 14; 76 S Ct 11; 99 L Ed 11 (1954).

range was 135 to 225 months, so the 384-month minimum sentence imposed by the trial court exceeded the guidelines by more than 70%. Although the guidelines are now advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion that trial courts must consult and take into account when sentencing." *People v Steanhouse*, 500 Mich 453, 472, 474-475; 902 NW2d 327 (2017) (internal quotations and alterations omitted). "An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the *extent* of the departure can satisfy the principle of proportionality." *People v Rosa*, 322 Mich App 726, 747; 913 NW2d 392 (2018), quoting *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017) (emphasis in original). The trial court provided reasons for a departure from the guidelines, but even if those reasons had all been permissible, the trial court merely opined that its resulting sentence was "very reasonable." Such a conclusory remark gives this Court very little to review. The trial court "fail[ed] to provide adequate reasons *for the extent of* the departure sentence." *Steanhouse*, 500 Mich at 476 (emphasis added). The sentence was therefore an abuse of discretion. *Id*.

I emphasize that the trial court's departure sentence is not necessarily unwarranted or inappropriate under the circumstances of this defendant and this crime. Had the trial court more carefully and completely articulated a basis for why it found its departure sentence proportionate, its disclaimer that it had not done so on the basis of defendant insisting on a trial and refusing to admit guilt would likely carry vastly more persuasive weight. However, even if a sentence is otherwise proper, it *must* be vacated if it is based on impermissible considerations. See, e.g., *People v Gjidoda*, 140 Mich App 294, 300-302; 364 NW2d 698 (1985). The trial court's commentary and lack of articulation here suggest an unacceptable risk that its sentence *was* based on impermissible considerations. The trial court may certainly re-impose the same sentence, but on this record, the sentence should be vacated, and the matter should be remanded for resentencing.

/s/ Amy Ronayne Krause